

Deborah Clark-Weintraub
Direct Dial: 212-946-9370
dweintraub@milbergweiss.com

December 6, 2005

Honorable J. Frederick Motz
United States District Court for the
District of Maryland
101 West Lombard Street
Baltimore, MD 21201

      Re:    MDL-15863 Putnam Subtrack
              Saunders v. Putnam American Government Income Fund
              (CA No. JFM-04-0560)

Dear Judge Motz:

      We represent Lead Plaintiff the Ohio Tuition Trust Authority and the investor class in the Putnam subtrack, and write in response to two letters from counsel for the Putnam Employee Timing Defendants in that subtrack.

      Contrary to the Putnam Employee Timing Defendants, we understood your rulings with respect to the Putnam fund defendants to apply equally to the Putnam Employee Timing Defendants. If that was not Your Honor's intention and the Court intended to reserve decision with respect to the Putnam Employee Timing Defendants' motion to dismiss, we respectfully submit that for the reasons set forth below, the reasoning of the *Janus* opinion as applied to the Putnam Employee Timing Defendants should result in (i) denial of the Putnam Employee Timing Defendants' motion to dismiss Lead Plaintiff's claims under Section 10(b) of the Securities Exchange Act of 1934 and Section 36(b) of the Investment Company Act of 1940; (ii) dismissal of Lead Plaintiff's state law claims with leave to replead; and (iii) dismissal of Lead Plaintiff's claim under Section 36(a) of the Investment Company Act.

      As to Lead Plaintiff's claims under Section 10(b), we note that none of the decisions by either Judge Blake or Your Honor dismissed as defendants those who engaged in market timing ***for their own profit***, as the Putnam Employee Timing Defendants are alleged to have done. Indeed, in seeking a dismissal without prejudice of our Section 10(b) claims, the Putnam Employee Timing Defendants implicitly concede that Lead Plaintiff can state a claim against them, and instead focus their argument on the particularity of the allegations contained in the Corrected Consolidated Amended Complaint. It should be noted, however, that "The Putnam

**Milberg Weiss Bershad & Schulman LLP**

One Pennsylvania Plaza · New York, NY 10119-0165 · (212) 594-5300 · Fax: (212) 868-1229 · www.milbergweiss.com
NEW YORK  BOCA RATON  WILMINGTON WASHINGTON, D.C.  LOS ANGELES

Honorable J. Frederick Motz
December 6, 2005
Page 2


Employees' Motion To Dismiss The Corrected Consolidated Amended Complaint," (Doc. 940), nowhere makes (or adopts) the argument made here – *i.e.*, that Lead Plaintiff failed to plead the Putnam Employee Timing Defendants' trading with particularity.  While Lead Plaintiff believes that the level of detail demanded by the Putnam Employee Timing Defendants is not required (or in most cases possible) at the pleading stage, had the Putnam Employee Timing Defendants made such arguments in their motion to dismiss, Lead Plaintiff would have pointed out that the SEC complaint against defendants Justin Scott and Omid Kamshad (available at http://www.sec.gov/litigation/complaints/comp18428.htm), the SEC order regarding Putnam Investment Management, LLC (available at http://www.sec.gov/litigation/admin/ia-2192.htm), and Putnam's own "Q&A on market timing issues at Putnam Investments" (available at http://www.valic.com/valic2003/aigvalic.nsf/images/news/$file/news_2003-11-20-2.pdf) provides significant detail with respect to these individuals' trading.[1]  Moreover, Putnam's recent production pursuant to Your Honor's March 2005 Order contains a wealth of information concerning the trading of the Putnam Employee Timing Defendants that could be incorporated into an amended complaint.  Lead Plaintiff respectfully submits, however, that such an exercise at this stage would constitute a waste of judicial and litigant resources, especially when the Putnam Employee Timing Defendants failed to challenge the particularity of the pleadings in this regard in the extensive motion to dismiss briefing.

As to Lead Plaintiff's claims under Section 36(b), it should be noted that the argument the Putnam Employee Timing Defendants are now advancing – that plaintiffs cannot bring Section 36(b) claims against them – was also omitted from their motion to dismiss.  That being said, the statute itself states that "the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company or by the security holders thereof, to such investment adviser or *any affiliated person of such investment adviser*," and that claims may be brought against "the recipient of such compensation or payment." 15 U.S.C. § 80a-35(b) (emphasis added).   The Putnam Employee Timing

---

[1] Specifically, as to defendants Lode, Peters, Prusko, and Perfetuo, the SEC's order regarding Putnam Investment Management states, at paragraph 8:

> 8.  In addition, four other Putnam employees also engaged in excessive short-term trading of Putnam funds in their personal accounts. Two of these employees, like Scott and Kamshad, traded in funds over which they had investment decision-making responsibility and access to non-public information regarding, among other things, current portfolio holdings, valuations and transactions not readily available to all fund shareholders. In total, between 1998 and 2003, short-term trading by these six employees generated more than $1 million in gross personal gains.

Putnam's Q&A, at pages 5-6, makes clear that the four employees are Lode, Peters, Prusko, and Perfetuo.

**Milberg Weiss Bershad & Schulman LLP**

DOCS\330523v1

Honorable J. Frederick Motz
December 6, 2005
Page 3


Defendants' letter concedes that the Putnam Employee Timing Defendants "are former employees of the investment adviser firm." It cannot be seriously disputed that these defendants received salary and other compensation for services in managing the funds. By the terms of the statute, nothing more is required for defendants to be liable.

     Finally, Lead Plaintiff agrees that under the reasoning in *Janus*, the state law claims against the Putnam Employee Timing Defendants should be dismissed with leave to replead and the Section 36(a) claims should be dismissed with prejudice.

                        Respectfully yours,


                        /s Deborah Clark-Weintraub

DCW:ar

**Milberg Weiss Bershad & Schulman LLP**

DOCS\330523v1