UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 30, 2006

Memo to Counsel Re: MDL-15863, One Group and Putnam subtracks
  *Robinson v. One Group International Equity Index Fund, et al.*,
  Civil No. JFM-04-0629
  *Saunders v. Putnam American Government Income Fund, et al.*,
  Civil No. JFM-04-0560

Dear Counsel:

I have reviewed the memoranda submitted in connection with the motions to dismiss the "control person" claims against the Independent Trustees in the One Group and Putnam subtracks. The motions will be granted.

In my *Janus* opinion I dismissed the Section 10(b) claims against the Janus Investment Fund ("JIF") and the Janus Advisor Series ("JAS"), which are both trusts that hold the assets of fund shareholders. The primary basis for my ruling was that assuming *arguendo* that JIF and JAS filed deceptive forms with the SEC, "the gravamen of plaintiffs' claims is that they are *victims* of the allegedly fraudulent scheme." *In re Mutual Funds Invest. Litig.*, 384 F. Supp. 2d 845, 853 n.3 (D. Md. 2005) (emphasis in original). I also noted that recovery against JIF and JAS would be inappropriate because the trusts "have no assets separate and apart from those they hold for [present] shareholders," who are "entirely innocent parties." *Id*. Consistent with this ruling, I dismissed the Section 10(b) claims against the Putnam and One Group funds in orders issued March 1, 2006.

Absent a primary violation of Section 10(b) there can be no "control person" liability

1

under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). *See, e.g.*, *In re Criimi Mae, Inc. Sec. Litig.*, 94 F. Supp. 2d 652, 658 (D. Md. 2000); *In re Cryomedical Scis., Inc. Sec. Litig.*, 884 F. Supp. 1001, 1012 (D. Md. 1995). Thus, the Independent Trustees argue that the Section 20(a) claims against them must be dismissed. I agree.

In opposing this motion, the plaintiffs focus only on the ancillary reason I gave for dismissing the claims against the funds, arguing that this reason does not apply to the Independent Trustees because recovery against them would come from their own assets and not those of innocent shareholders. According to plaintiffs, this case is analogous to cases such as *In re Hayes Lemmerz Int'l, Inc. Equity Sec. Litig.*, which hold that "if the complaint states a primary violation by the Company, even if the Company is not named in the complaint as a defendant, then a § 20 claim can stand if the individuals were controlling persons." 271 F. Supp. 2d 1007, 1021 n.11 (E.D. Mich. 2003). The fallacy in plaintiffs' contention is that they ignore the first reason I gave for dismissing the claims against the funds, *i.e.*, that the funds were essentially victims, not the perpetrators of the market timing and late trading schemes.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order. I ask that within two weeks the parties submit proposed orders reflecting the rulings made herein.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge