UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, PIMCO AND PUTNAM (the "PUTNAM TRACK") | Honorable J. Fredrick Motz MDL 1586<br><br>Civil Action No. 04-MD-15863 |
| *Saunders, et al. v. Putnam American Government Income Fund, et al.* ("Fund Investor Class Action") | Civil Action No. 04-cv-00560 |
| *Zuber, et al. v. Putnam Investment Management, LLC, et al.* ("Fund Derivative Action") | Civil Action No. 04-cv-00564 |

MEMORANDUM OF LAW IN SUPPORT OF PUTNAM EMPLOYEE
DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT

Defendants Justin Scott, James Prusko, Carmel Peters, Geirulv Lode, and Frank Perfetuo ("Putnam Employee Defendants") respectfully submit this Memorandum of Law in support of their motion for entry of Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. By its Orders, dated March 1, 2006 (See Docket Nos. 1715, 1649, 1885) and July 24, 2006 (Docket No. 2122), this Court has dismissed each of the counts asserted against the Putnam Employee Defendants in the Corrected Consolidated Amended Complaint in *Saunders, et al. v. Putnam American Government Income Fund, et al.* ("Fund Investor Class Action"). Similarly, by its Orders, dated November 3, 2005 (Docket No. 1462), March 1, 2006 (Docket No. 1697), and June 14, 2006 (Docket No. 2066), the Court has dismissed each of the counts propounded against Defendants Scott, Peters, and Lode in the Consolidated Amended Fund Derivative

Complaint in *Zuber, et al. v. Putnam Investment Management, LLC, et al.* ("Fund Derivative Action"). Putnam Employee Defendants Prusko and Perfetuo were not named as defendants in the *Zuber* Fund Derivative Action. Notably, this court has already entered orders granting the motions for final judgment pursuant to Rule 54(b) for former Putnam employees Omid Kamshad (Docket No. 2365), William Woolverton (Docket No. 2303) and Ian C. Ferguson (Docket No. 2297).

These Orders effectively have ended both of these actions against the Putnam Employee Defendants. The case as a whole, however, is just entering the early stages of discovery and in all likelihood will continue for a protracted period. Keeping the Putnam Employee Defendants in this Multi-District Litigation while it runs its lengthy course serves no identifiable purpose and continues to cause them undue personal and professional burdens.

As demonstrated below, the Court's dismissal of all claims against the Putnam Employee Defendants constitutes Final Judgment as to them, and there is no sound reason for delay. Accordingly, the Court should enter Final Judgment on all claims asserted in the Fund Investor Class Action and Fund Derivative Action against the Putnam Employee Defendants.

## FACTUAL BACKGROUND

The Fund Investor Class Action, brought on behalf of purchasers and/or holders of Putnam mutual funds between October 30, 1998 through October 21, 2003, generally alleges that three sets of defendants – investment advisers, traders, and broker-dealers – participated in a fraudulent scheme, not disclosed to shareholders, in which the traders were allowed to engage in so-called "market timing" of Putnam funds. The Fund

Derivative Action, brought derivatively on behalf of the Putnam family of mutual funds against managers, investment advisers, and trustees thereof, alleges so-called "market timing" and "late trading" of those funds.

### A.     Claims and Allegations Against Putnam Employee Defendants

The Putnam Employee Defendants are all former employees of Putnam.  The basis for the claims against them are that, between 2000 and 2003, they engaged in trading in Putnam funds while employed at Putnam.  See Corrected Consolidated Amended Fund Investor Class Action Complaint ("Fund Investor Class Action Complaint") ¶¶ 34, 91, 94(a), (b); Consolidated Amended Fund Derivative Complaint ("Fund Derivative Complaint") ¶¶ 303-311.

The Fund Investor Class Action Complaint asserted claims against all of the Putnam Employee Defendants under § 10(b) and Rule 10b-5 of the Exchange Act (Counts IV and V), §§ 36(a) and 36(b) of the Investment Company Act ("ICA") (Counts VIII and IX), and state law (Counts XI and XIII).  The Fund Derivative Complaint lodged claims against some of the Putnam Employee Defendants under §§ 36(a) and 48 of the ICA (Counts II and V) and state law (Counts X and XII).[1]

### B.     Dismissal of Claims Against Putnam Employee Defendants In the Fund Investor Class Action

On March 7, 2005, the Putnam Employee Defendants filed a motion to dismiss all counts of the Fund Investor Class Action Complaint (Docket No. 940), including a supplemental Memoranda in support thereof (Docket No. 946-1).  By Letter Order, dated November 3, 2005 (Docket No. 1454), the Court granted in part and denied in part the motion for the same reasons stated in its August 25, 2005 opinion in the Janus subtrack,

---

[1]     Except for defendants Prusko and Perfetuo, who, as noted previously, were not named as defendants in the Derivative Action.

In re Mutual Funds Investment Litigation, 384 F.Supp. 2d 845 (D.Md. 2005)("Janus opinion"). The Court subsequently asked the parties for supplemental briefing as to whether, and to what extent, the rulings in the Janus opinion applied to the individual defendants in the Putnam subtrack. The Court withheld its ruling regarding the ICA § 36(b) claim, pending a determination as to whether the claim might be brought in the Fund Investor Class Action or only in the Fund Derivative Action.

On January 3, 2006, the Putnam Employee Defendants submitted a letter brief indicating that the Court's Order of dismissal should reflect that § 10(b) claims are dismissed without prejudice and the ICA § 36(b) claims are dismissed with prejudice (Docket No. 1542). By Order, dated March 1, 2006 (Docket No. 1715, ¶9), [2/] the Court granted the motions to dismiss with prejudice and without leave to amend as to all claims asserted against the Putnam Employee Defendants, except those under § 10(b) and Rule 10b-5 of the Exchange Act, as to which the Court deferred ruling pending further briefing.[3/] On April 10, 2006, the Putnam Employee Defendants submitted supplemental memoranda in further support of their motion to dismiss the remaining Exchange Act claims (Docket No. 1904). By Letter Opinion, dated July 7, 2006 (Docket No. 2102), and Order, dated July 24, 2006 (Docket No. 2122), the Court dismissed all remaining claims against the Putnam Employee Defendants in the fund Investor Class Action with prejudice and without leave to amend.[4/]

---

[2/]   The Court filed its written Order on April 10, 2006 (Docket No. 1885).
[3/]   In addition, the Court granted plaintiffs leave to amend the state law claims within a deadline to be set after conferring with counsel. In their proposed Second Consolidated Amended Complaint, however, plaintiffs do not include any state law claims.
[4/]   In their April 10, 2006 Memoranda, the Putnam Employee Defendants also opposed plaintiffs' motion for leave to amend the Complaint. In its July 7, 2006 decision, the Court denied plaintiffs' motion as to claims against Putnam Employee Defendants and others on the grounds that the proposed amendment would be futile.

4

**C.     Dismissal of Claims Against Putnam Employee
        Defendants In the Fund Derivative Action**

By Letter Order, dated November 3, 2005 (Docket No. 1462), the Court granted Putnam Employee Defendants' motions to dismiss all claims in the Fund Derivative Complaint except for the ICA § 36(b) claim, for the same reasons stated in its August 25, 2005 opinion in the Janus subtrack.  On January 3, 2006, the Putnam Employee Defendants submitted a letter brief stating that the Court's Order of dismissal should reflect that the claims asserted under the ICA § 48(a) should be dismissed (Docket No. 1542).  On February 27, 2006, the Court requested further briefing on plaintiffs' § 48(a) claim.  Then, on March 1, 2006, the Court denied without prejudice defendants' motions to dismiss the § 48 claim to the extent it was based upon a violation of § 36(b) of the ICA.  The Court, however, dismissed without leave to amend all other state and federal claims (Docket No. 1697).

The Putnam Employee Defendants then submitted supplemental memoranda asserting that the ICA § 48(a) claims should be dismissed (Docket No. 1840).  Plaintiffs filed an opposition brief on April 26, 2006 (Docket No. 1946), and defendants filed a reply brief on May 10, 2006 (Docket No. 1980).  Then, on June 14, 2006, the Court dismissed the § 48(a) claim against the Putnam Employee Defendants without leave to amend (Docket No. 2066).  Accordingly, there are no further claims pending against the Putnam Employee Defendants in the Fund Derivative Complaint.  See also August 10, 2006 Joint Status Report In Putnam Track (Docket No. 2139) at 4; November 7, 2006 Joint Status Report In Putnam Track (Docket No. 2240) at 2.

## ARGUMENT

Rule 54(b) of the Federal Rules of Civil Procedure ("Judgment Upon Multiple Claims or Involving Multiple Parties") states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In the absence of an Order under Rule 54(b), parties must ordinarily wait until all claims in the litigation have been fully adjudicated before appealing the District Court's disposition of any single claim or set of claims. Thus, the practical effect of a directed entry of Judgment under Rule 54(b) is to "certify" a partial set of claims for immediate appeal. See Curtiss Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980)("[I]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." (quoting Sears Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956))); Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1334-35 (4th Cir. 1993).

Entry of Final Judgment under Rule 54(b) is warranted where two conditions are present: (i) there is a final decision as to at least one claim or as to the rights and liabilities of at least one of the parties, and (ii) there is no just reason for delay. See Braswell, 2 F.3d at 1335; Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B, 225 F.R.D. 171, 174 (D.Md. 2004). A decision is "final" if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Braswell, 2 F.3d at 1335 (quoting Curtis-Wright, 446 U.S. at 7).

In the Fund Investor Class Action, there is no question that the Court's March 1, 2006 and July 24, 2006 Orders collectively constitute a final decision on all claims against the Putnam Employee Defendants.  Similarly, in the Fund Derivative Action, the Court's November 3, 2005, March 1, 2006, and June 14, 2006 Orders together are a final decision as to all claims against the Putnam Employee Defendants.  These Orders assessed the legal sufficiency of the allegations against the Putnam Employee Defendants and adjudicated all claims finally and fully, dismissing all counts of the Fund Investor Class Action <u>and</u> the Fund Derivative Action against them.  Accordingly, the only remaining issue is whether there is any just reason for delaying entry of Final Judgment in these two actions in favor of the Putnam Employee Defendants.

The Fourth Circuit has stated that in determining whether there is just reason for delay in entry of Judgment, a Court should consider, if applicable, the following factors: (i) the relationship between the adjudicated and unadjudicated claims; (ii) the possibility that the need for review might or might not be mooted by future developments in the District Court; (iii) the possibility that the reviewing Court might be obliged to consider the same issue a second time; (iv) the presence or absence of a claim or counterclaim that could result in a set-off against the Judgment sought to be made final; and (v) miscellaneous factors, such as delay and solvency considerations.  <u>Braswell</u>, 2 F.3d at 1335.

In the Fund Investor Class Action, the factors uniformly favor entry of Final Judgment.  The Court has now ruled on all outstanding motions to dismiss the Putnam Employee Defendants.  The unrelated claims that have survived the motions – those under § 10(b) of the Exchange Act against several Putnam entities and two broker-dealer

entity defendants, under § 20(a) of the Exchange Act for control persons violations and under § 36(b) of the ICA against the adviser entities, see August 10, 2006 Joint Status Report in Putnam Subtrack (Docket No. 2139) at 2 – are entirely unconnected to and independent of the claims asserted against the Putnam Employee Defendants.  Indeed, plaintiffs did not assert a § 20(a) control person claim against the Putnam Employee Defendants, and the Court's dismissal of the § 10(b) and § 36(b) claims against them was based on two legal rulings specific to them and several other individual officer defendants.  Specifically, the Court ruled that the § 36(b) claims were legally defective and the § 10(b) allegations failed to state a claim.

The factors also uniformly favor entry of final judgment in the Fund Derivative Action.  The Court also has now ruled on all outstanding motions to dismiss the Putnam Employee Defendants.  The sole claim that has survived the motions – a claim under § 36(b) of the ICA against the advisor entities, see August 10, 2006 Joint Status Report in Putnam Subtrack (Docket No. 2139) at 4 and November 7, 2006 Joint Status Report In Putnam Track (Docket No. 2240) at 2 – is entirely unconnected to and independent of the claims asserted against the Putnam Employee Defendants.  In fact, plaintiffs did not even assert a § 36(b) claim against the Putnam Employee Defendants in the Fund Derivative Action.

Thus, these rulings are finally decided, and the underlying issues as to the Putnam Employee Defendants are certain not to arise again in this litigation.  The ongoing proceedings against other defendants have no bearing on the dismissal of the claims against the Putnam Employee Defendants, and the entry of Final Judgment on the claims in both the Fund Investor Class Action and the Fund Derivative Action, along with any

subsequent appeal of the Judgment, would have no impact on the continuing case.  Entry of final judgment under Rule 54(b), therefore, is warranted.  See Judicial Watch, Inc. v. Rossotti, 217 F.Supp. 2d 627, 628 (D.Md. 2002)(granting motion for Rule 54(b) judgment, where claims against individual defendants disposed of and "[t]he remaining claims against the institutional Defendants state a different cause of action and appear to be separate and distinct from the adjudicated claims"); Curtis-Wright, 446 U.S. at 8 (District Court properly considered "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once *even if there were subsequent appeals"*); cf. In re Wireless Telephone Radio Frequency Emissions Prods. Liability Litig., 219 F.Supp. 2d 703, 705 (D.Md. 2002)(denying motion for Rule 54(b) Judgment without prejudice to refiling, where pending motions to dismiss could moot need for certification).

     Rule 54(b) serves the dual purpose of preventing piecemeal appeals and "allow[ing] the district court to provide relief to litigants that would suffer undue hardship if Final Judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims."  Braswell, 2 F.3d at 1335.  Here, certification of the claims against the Putnam Employee Defendants for appeal is inevitable.  Moreover, on November 13, 2006, the Court entered Final Judgment in favor of other individual employee defendants, Mr. Ferguson and Mr. Woolverton (Docket No. 2250) and on April 12, 2007 against Omid Kamshad (Docket No. 2365) against whom plaintiffs had alleged considerably more than they had alleged against the Putnam Employee Defendants.  There can be no logical reasons for entering Final Judgment in favor of Mr. Kamshad, for example, but not for the instant movants.  The substantive allegations against

Mr. Kamshad were the same as those against the Putnam Employee Defendants. Indeed, Mr. Kamshad joined the five movants here as a "Putnam Employee Defendant" in their motion to dismiss; and the Order of dismissal on which their Rule 54(b) motion is based was the same basis for Mr. Kamshad's motion. Entry of Final Judgment will simply allow the claims against the Putnam Employee Defendants to be finally resolved without awaiting completion of the pretrial proceedings in the MDL.[5] Any appeal of the Court's decision to dismiss the action against the Putnam Employee Defendants would thus not be duplicative, but only more expedited than otherwise might be so.

The Putnam Employee Defendants' continued involvement in the litigation serves no legitimate purpose. They have been absolved of any liability, and they are now at most mere bystanders. On the other hand, the litigation continues to have a significant negative impact on their lives. Absent entry of final Judgment, these actions will continue to loom, possibly for many years, and impose further, real burdens on their personal and professional activities. Accordingly, the Court should find that there is no just reason for delay and grant Putnam Employee Defendants' motion for entry of Final Judgment in both the Fund Investor Class Action and Fund Derivative Action.

## CONCLUSION

Putnam Employee Defendants respectfully request that the Court grant their motion for entry of Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in its entirety.

---

[5] Although the present cases were consolidated into the MDL for pretrial proceedings, appeal of the Court's dismissal of the claims against the Putnam Employee Defendants to the Fourth Circuit would be proper, even if the Court were to wait until the completion of pretrial proceedings. See In Food Lion, Incorporated, Fair Labor Standards Act "Effective Scheduling" Litig., 73 F.2d 528, 533 (4th Cir. 1996)(Court presiding over multidistrict litigation proceedings should have directed entry of Rule 54(b) Final Judgments and certified claims for appeal prior to remanding to transferor Courts for further proceedings).

RESPECTFULLY SUBMITTED,

EMPLOYEE TIMING DEFENDANTS
By Their Respective Counsel


/s/ Jessica C. Sergi
John F. Sylvia
Adam L. Sisitsky
Jessica C. Sergi
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel.: (617) 542-6000
Fax: (617) 542-2241
*Counsel to Justin Scott*



/s/ Jessica C. Sergi with the permission of
Lawrence Bader
Lawrence S. Bader
MORVILLO, ABRAMOWITZ, GRAND,
  IASON & SILBERBERG, P.C.
565 Fifth Avenue
New York, NY 10017
Tel.: (212) 856-9600
Fax: (212) 856-9494
*Counsel to James Prusko*



/s/ Jessica C. Sergi with the permission of
Peter M. Casey
Peter M. Casey
GREENBERG TRAURIG
One International Place
Boston, MA 02110
Tel.: (617) 310-6048
Fax: (617) 279-8440
*Counsel to Carmel Peters*

/s/ Jessica C. Sergi with the permission of
<u>Michael T. Gass</u>
Michael T. Gass
Matthew A. Martel
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199
Tel.: (617) 239-0100
Fax: (617) 227-4420
***Counsel to Geirulv Lode***


/s/ Jessica C. Sergi with the permission of
<u>Kurt S. Kusiak</u>
Kurt S. Kusiak
John Miller
225 Franklin Street
Boston, MA 02110
Tel.: (617) 542-5542
Fax: (617) 542-1542
***Counsel to Frank Perfetuo***

Dated: July 16, 2007

12

4061164v.1