IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALGER, COLUMIBIA, JANUS, MFS, ONE GROUP, PUTNAM, and ALLIANZ-DRESDNER | Case No. 04-md-15863 (Judge J. Frederick Motz) |
| [Putnam Subtrack] | Case No. 04-cv-00560 |

MEMORANDUM

The actions involved in this MDL proceeding arise from alleged market-timing and late-trading practices within certain families of mutual funds. After over six and one-half years of litigation, settlement agreements were reached in sixteen subtracks of the MDL. Of these sixteen settlements, fifteen were recently approved following a final fairness hearing held by this Court on October 21, 2010. The only subtrack in which a final order of approval has not been entered is the Putnam subtrack, as counsel did not immediately submit a proposed final order. Instead, Plaintiffs' Counsel in the Putnam subtrack ("Plaintiffs' Counsel") submitted a Motion for Approval of Revised Expenses on October 29, 2010, followed shortly thereafter by a Proposed Order and Final Judgment on November 2, 2010. As the Court has already reviewed the particulars of the Putnam settlement and indicated its intention to approve it at the final fairness hearing, the only remaining question is whether the Court will grant the Motion for Approval of Revised Expenses. For the reasons that follow, the Court will grant the motion.

I. FACTS AND PROCEDURE

In briefings submitted to the Court in advance of the final fairness hearing of October 21, 2010, Plaintiffs' Counsel in the Putnam subtrack moved to recover $1,572,290 in costs and

1

expenses.[1] (Putnam Subtrack Pls.' Reply at 5 n.3.) Despite the fact that this amount was already more than $500,000 greater than the expense requests in any other subtrack, the Motion for Approval of Revised Expenses now pending before the Court seeks an additional $200,000 for expenses that had initially been overlooked "due to an error in [Plaintiffs' Counsel's] accounting system."[2] (Putnam Subtrack Pls.' Mot. for Revised Expenses at 2.) Plaintiffs' Counsel characterizes this amendment, which brings the total expense request in the Putnam subtrack to $1,772,290, as "substantial, but not material." (*Id.* at 1.) Moreover, Plaintiffs' Counsel assures the Court that "this request for revised expenses falls well within the range of actual and reasonable out-of-pocket expenses detailed in the class notice." (*Id.* at 2-3.)

Putting aside the separate issue of whether this new figure represents a reasonable expense, there is some question as to whether the revised request falls within the range of expenses set forth in the class notice. The Omnibus Memorandum submitted by plaintiffs assured the Court that "the notices disseminated to class members in each sub-track included . . . the maximum expenses that would be requested." (Pls.' Omnibus Mem. at 12.) Additionally, in an exhibit attached to its own motion for attorneys' fees, Plaintiffs' Liaison Counsel, Tydings & Rosenberg ("Tydings"), lists the "maximum subtrack expenses requested in [the] notice of settlement" for the Putnam subtrack at $1,575,664. (Pls.' Liaison Counsel's Mot. for Attorneys' Fees, Ex. B.) Because the current request for expenses ($1,772,290) surpasses this figure by almost $200,000, it might seem that such an award is clearly impermissible. Yet

---

[1] This amount includes a relatively small request of $25,664.49 for litigation expenses incurred by the lead plaintiff in the Putnam subtrack. (Putnam Subtrack Pls.' Mem. at 22.)
[2] Although plaintiffs' counsel claims to have discovered $321,234.73 in understated expenses, it requests reimbursement for only $200,000 of this amount. (Putnam Subtrack Pls.' Mot. for Revised Expenses at 2.)

2

notwithstanding the assurances of plaintiffs' Omnibus Memorandum[3] and the maximum expenses number reported by Tydings in its exhibit,[4] Plaintiffs' Counsel points out that the actual notice sent out to Putnam class members did *not* include a numerical estimate of requested expenses and stated only that Plaintiffs' Counsel will "seek reimbursement of their reasonable

---

[3] The class notices distributed in fifteen of the sixteen settling subtracks fulfilled the Omnibus Memorandum's promise that "each subtrack" would inform class members of "the maximum expenses that would be requested." The notice mailed in the Putnam subtrack was the only exception. *See* Alger Subtrack Short-Form Class Notice, 04-md-15863, Doc. 3339-5, at 4 ("The Court-appointed lawyers for the Plaintiffs will ask the Court for reimbursement of outstanding expenses in an amount not to exceed $325,000."); Alliance Short-Form Class Notice, 04-md-15862, Doc. 1282-1, at 4 ("The Court-appointed lawyers for the Plaintiffs will ask the Court for reimbursement of outstanding expenses in an amount not to exceed $815,000."); Allianz-Dresdner Postcard Notice, 04-md-15863, Doc. 3336-3 ("Class Counsel has requested . . . expenses of up to $300,000."); Columbia Short-Form Class Notice, 04-md-15863, Doc. 3344-8, at 6 ("Plaintiffs' Counsel will also apply to the Court for reimbursement of their litigation expenses . . . in an amount not to exceed $550,000."); Excelsior Short-Form Class Notice, 04-md-15861, Doc. 1343-1, at 3 ("The Court-appointed lawyers for the Plaintiffs will ask the Court for reimbursement of outstanding expenses in an amount not to exceed $135,000."); Federated Short-Form Class Notice, 04-md-15861, Doc. 1341-2, at 2 ("Plaintiffs' Counsel will apply to the Court for . . . reimbursement of litigation expenses not to exceed $75,000."); Invesco Short-Form Class Notice, 04-md-15864, Doc. 1017-1, at 4 ("Counsel . . . will also ask the Court for reimbursement of their litigation expenses . . . in an amount not to exceed $925,000."); Janus Subtrack Short-Form Class Notice, 04-md-15863, Doc. 3355, at 3 ("Counsel for Class Lead Plaintiff and Derivative Plaintiffs will also ask the court for reimbursement of their litigation expenses . . . in an amount not to exceed $630,000."); MFS Short-Form Class Notice, 04-md-15863, Doc. 3359-1, at 4 ("Counsel . . . will also ask the Court for reimbursement of their litigation expenses . . . in an amount not to exceed $630,000."); Nations/Bank of America Class Notice, 04-md-15862, Doc. 1280, at 7 ("[Plaintiffs' Counsel] will also request reimbursement of litigation expenses not to exceed $750,000." ); One Group Short-Form Class Notice, 04-md-15863, Doc. 3343-9, at 5 ("Lead Counsel will also ask the Court for reimbursement of their litigation expenses . . . in an amount not to exceed $560,000."); Pilgrim Baxter Short-Form Class Notice, 04-md-15862, Doc. 1281-1, at 4 ("Counsel for Class Lead Plaintiff and the Derivative Plaintiffs will also ask the Court for reimbursement of their litigation expenses . . . in an amount not to exceed $615,000."); RS Short-Form Class Notice, 04-md-15863, Doc. 3341-8, at 2 ("Plaintiffs' Counsel will apply for reimbursement of litigation expenses not to exceed $688,313.19."); Scudder Long-Form Class Notice, 04-md-15861, Doc. 1342-2, at 5 ("Counsel will apply to the court for . . . reimbursement of litigation expenses not to exceed $1,000,000."); Strong Short-Form Class Notice, 04-md-15864, Doc. 1016-2, at 6 ("Lead Plaintiffs' Counsel will also apply to the Court for reimbursement of their litigation expenses . . . in an amount not to exceed $650,000.").

[4] Mr. Isbister indicated that Tydings received the number it used in its exhibit in an email from Plaintiffs' Counsel in the Putnam subtrack.

out-of-pocket expenses." (Putnam Long-Form Class Notice, 04-cv-00560, Doc. 309-1, at 2.) As a result, Plaintiffs' Counsel argues, it cannot be said that the revised request exceeds the figure set forth in the class notice because, in truth, *no figure* was set forth in the class notice.

II. ANALYSIS

Plaintiffs' Counsel's argument raises two separate, but related, questions that must addressed in considering the current Motion: (1) whether a bald statement in a class notice that counsel will seek "reasonable out-of-pocket expenses" constitutes adequate notice under the Private Securities Litigation Reform Act ("PSLRA"); and (2) whether the revised request for expenses exceeds the amount of expenses detailed in the class notice. This memorandum addresses each issue in turn.

A. Adequacy of Class Notice

The mere fact that the class notice stated only that Plaintiffs' Counsel would seek "reasonable out-of-pocket expenses" does not make the notice inadequate under the PSLRA. The PSLRA requires any settling party or their counsel to provide a statement to class members indicating "the amount of fees and costs that will be sought." 15 U.S.C. § 78u-4(a)(7)(C). It may perhaps be argued that the class notice in this case failed to meet this requirement because it did not specify a numerical value. Yet reading the statute to demand the inclusion of a specific numerical value in a class notice would introduce an additional requirement into the statute that simply does not otherwise exist. Moreover, courts have held that the requirements of the PSLRA need not be strictly interpreted and may be deemed satisfied "so long as the required information is readily ascertainable and understandable." *In re Indep. Energy Holdings PLC Secs. Litig.*, 302 F. Supp. 2d 180, 185 (S.D.N.Y. 2003) (holding that a class notice providing all required information on the first two pages—instead of on a single cover page as technically required—

4

gave adequate notice to class members). Indeed, I can find only one case in which a court denied a motion for reimbursement of expenses due to inadequate notice to class members, and there plaintiffs' counsel "failed to even attempt to comply with [notice] rules." *In re Delphi Corp. Secs.*, 248 F.R.D. 483, 505-06 (E.D. Mich. 2008). The court in that case held that this failure to provide any notice whatsoever "deprived the Class of its right to object to the [plaintiffs' counsel's] fee application" and therefore compelled the court to deny the motion for reimbursement of expenses. *Id.* at 506. Obviously, the failure to assign a numerical value to projected expenses constitutes a much less egregious oversight—if, indeed, it is an oversight at all. Unlike the *Delphi* case, the Putnam class members here were still informed that Plaintiffs' Counsel would seek "reasonable out-of-pocket expenses," and they had the opportunity to object to this provision. Thus, the content of the Putnam class notice was adequate under the PSLRA.

    B.  <u>Revised Expense Request Compared to Expenses in Class Notice</u>

Even if the notice itself was adequate, the question still remains whether the revised request for reimbursement exceeds the expenses detailed in the class notice. Plaintiffs' Counsel contends that its revised request for expenses "falls well within the range of actual and reasonable out-of-pocket expenses detailed in the class notice." (Putnam Subtrack Pls.' Mot. for Revised Expenses at 2-3.) Unlike the other subtracks involved in the litigation, however, the Putnam class notice provided no detail beyond stating that counsel would seek "reasonable out-of-pocket expenses."[5] Accordingly, Plaintiffs' Counsel argues that absent a determination by the Court that the expenses it seeks are unreasonable, it cannot be said that the revised expense

---

[5] Given the vagueness of the notice sent to class members on the topic of expenses, counsel's assertion that the revised expense request "falls well within the range of . . . expenses detailed in the class notice" seems a bit odd. (Putnam Subtrack Pls.' Mot. for Revised Expenses at 2-3.) Indeed, there does not appear to be *any* expenses "detailed in the class notice," let alone a range of expenses within which the current request falls.

5

request exceeds the amount set forth in the settlement notice. (Putnam Notice, 04-cv-00560, Doc. 309-1, at 2.) As the Court cannot say that the expenses were unreasonable, it must be acknowledged that counsel is formally correct. The logic here is simple: a revised expense amount cannot exceed an upper limit set forth in the class notice when no such limit ever existed.

Yet while this reasoning may have a certain logical appeal, it is also problematic in that it seems to reward Plaintiffs' Counsel for publishing a settlement notice that was, at least in part, vague and open-ended. After all, had the notice included the same numerical estimate for expenses provided to Tydings, there would be no question that Plaintiffs' Counsel would *not* be entitled to reimbursement for its newly-discovered expenses. Yet because the class notice omitted any mention of this numerical value, Plaintiffs' Counsel appears to be entitled to reimbursement for substantial expenses that were not disclosed to class members until after the deadline for objections had passed. Given this reality, granting motions of the type currently before the Court appears to run the risk of incentivizing future plaintiffs' lawyers to disclose fewer details about costs and expenses in settlement notices sent to class members. Such an outcome would undoubtedly undermine the PSLRA's goal of "ensur[ing] that class members received sufficient, comprehensible notice so they could evaluate proposed settlements intelligently." *In re Indep. Energy Holdings*, 302 F. Supp. 2d at 184. Of course, it is not always possible to accurately determine every penny of expenses prior to publishing a settlement notice—especially in a case as complex as this MDL proceeding. Nonetheless, it seems reasonable to expect plaintiffs' lawyers to include a maximum estimate of their expenses in a settlement notice so that class members can get a rough idea of the numbers involved, as was done in every subtrack but Putnam.

Yet in the final analysis, these policy considerations do not trump the language of the notice sent to class members broadly stating that counsel can seek "reasonable out-of-pocket expenses." Because the Court is not prepared to declare Plaintiffs' Counsel's expenses unreasonable, it appears that the revised expense request is covered by the language of the class notice. Accordingly, despite the troublesome incentive scheme it may support, the Court has little choice but to conclude that the revised expense request falls within the range of expenses described in the class notice.

III. CONCLUSION

In sum, the description of expenses in the class notice sent was adequate, and the revised expenses now sought by Plaintiffs' Counsel do not exceed the expenses described in the notice. Thus, the Court grants the Motion for Approval of Revised Expenses. A separate order implementing this ruling follows.


Date: November 15, 2010           /s/
                                  J. Frederick Motz
                                  United States District Judge